**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ABDINASSER OMAR,
individually and on behalf of
all others similarly situated,

Plaintiff,

v.

MGR FREIGHT SYSTEM, INC.,
MGR LEASE, LLC,
RD EXPEDITED, INC., and
RADOMIR DOBRASINOVIC,

Defendants.

Case No. ___________

**CLASS AND COLLECTIVE ACTION COMPLAINT**

## I. INTRODUCTION

1. This is an action brought on behalf of current and former delivery drivers challenging Defendants MGR Freight System, Inc.'s ("MGR") and RD Expedited, Inc.'s ("RD") (collectively, "Defendants") unlawful practices of misclassifying its drivers as independent contractors and making unlawful deductions from delivery drivers' wages and requiring them to bear expenses which should have been properly borne by Defendants. Plaintiff also contends that, as a result of Defendants' policies and practices, there were several weeks in which he did not receive minimum wage compensation, in violation of Illinois and federal minimum wage law. Plaintiff contends that, although he and other delivery drivers were classified by Defendants as independent contractors, they were, in fact, employees of Defendants. Plaintiff also contends that Defendant Radomir Dobrasinovic is individually liable by virtue of his roles within MGR and RD creating and overseeing MGR and RD's unlawful

classification and compensation practices.

2. Plaintiff Abdinasser Omar ("Plaintiff") brings this case as a class action under Fed. R. Civ. P. 23 on behalf of all current and former delivery drivers who have contracted with Defendants to provide delivery services between April 2016 and the present. Plaintiff alleges that, as a result of Defendants' policies, illegal deductions were made from his and other delivery drivers' wages in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/9. Plaintiff also alleges that Defendants unlawfully required him and others similarly situated to incur expenses that should have properly been borne by Defendants in violation of 820 Ill. Comp. Stat. 115/9.5.

3. Plaintiff also seeks to represent, under Fed. R. Civ. P. 23, all current and former delivery drivers who have provided delivery services for Defendants between April 2023 and the present. Plaintiff alleges that, as a result of Defendants' policies, and the deductions made from Plaintiff's and other delivery drivers' pay, they were not paid minimum wage for all hours worked in violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4.

4. Plaintiff also brings this case as a collective action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of all current and former delivery drivers who have provided delivery services for Defendants between April 2023 and the present. Plaintiff alleges that, as a result of Defendants' policies, and the deductions made from Plaintiff's and other delivery drivers' pay, they were not paid minimum wage for all hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

5. Plaintiff also seeks to represent, under Fed. R. Civ. P. 23, a class of similarly situated drivers who worked as delivery drivers for MGR and who had a lease agreement with MGR Lease, LLC at any time between April 2022 and the present. Plaintiff alleges that Defendants' unlawful practices described in this complaint are in violation of 49 U.S.C. § 14102

and its regulations, referred to hereinafter as the Truth-in-Leasing regulations or TIL Regulations.

## II. THE PARTIES

6. Plaintiff Abdinasser Omar is an adult resident of Ohio. Plaintiff provided trucking services for MGR and RD in Illinois as a truck driver between approximately July 2020 and March 2026. During this time, Plaintiff was classified as an independent contractor.

7. Defendant MGR Freight System, Inc. ("MGR") is an Illinois corporation headquartered at 500 W Plainfield Rd., Countryside, Illinois. It does business in Illinois and is registered with the Illinois Secretary of State.

8. According to Defendant MGR's website, MGR is a "transportation services company, which moves full trailer, container loads of freight from origin to final destination." According to MGR's website, "[o]ur services enable us to better serve our customers and work closely with our drivers."[1] MGR's website advertises its fleet of trucks, as well as job openings for drivers.

9. Defendant RD Expedited, Inc. ("RD") is an Illinois corporation headquartered at 500 W Plainfield Rd., Countryside, Illinois. It does business in Illinois and is registered with the Illinois Secretary of State.

10. According to Defendant RD's website, it is "a company that provides full logistics across United States and Canada. Starting as a small family-owned business based in Illinois, RD Expedited is expanding into a[] nation-wide recognized company."[2]

11. Defendant Radomir Dobrasinovic ("Dobrasinovic") is an Illinois resident and is the President and Secretary of both MGR and RD. In this capacity, Dobrasinovic possesses and

---

[1] https://mgrfreightsystem.net/about-us/ (last visited Apr. 7, 2026).

[2] https://rdexpedited.net/ (last visited Apr. 7, 2026).

exercises the authority to make or participate in decisions concerning drivers' compensation; implement and enforce rules affecting the material terms of drivers' work, employment, and compensation; hire drivers, supervise their work, and impose discipline on them.

12. Defendant MGR Lease, LLC is an Illinois corporation headquartered in Summit, Illinois. Defendant Dobrasinovic is MGR Lease's Manager. Upon information and belief, MGR Lease is used solely to lease trucks to MGR and RD's drivers.

## III. JURISDICTION AND VENUE

13. The Court has personal jurisdiction over Plaintiff and the class he seeks to represent because they worked in the State of Illinois for Illinois employers and/or are citizens of the state of Illinois.

14. The Court has personal jurisdiction over Defendants MGR and RD because they have their principal place of business in Countryside, Illinois, they do business in the State of Illinois, and their conduct in the State of Illinois underlies all claims in this suit.

15. The Court has personal jurisdiction over Defendant Dobrasinovic because he is a citizen of the state of Illinois, because he works for MGR and RD in Illinois, and because his conduct in the State of Illinois underlies all claims in this suit.

16. The Court has personal jurisdiction over Defendant MGR Lease because it has its principal place of business in Summit, Illinois, it does business in the State of Illinois, and its conduct in the State of Illinois underlies all claims in this suit.

## IV. STATEMENT OF FACTS

### A. Facts Relating to Plaintiff's Wage Claims

17. Plaintiff was hired by Defendants to perform deliveries in Illinois and across the United States. When Plaintiff interviewed at Defendants' offices, he was told he was applying to work for MGR.

18. Between approximately 2020-2023, Plaintiff made deliveries for both MGR and RD; between 2023 and 2026, he made deliveries for MGR only.

19. Plaintiff initially signed a Contractor Operating agreement with RD, which purported to classify him as an independent contractor; in 2023, he signed a substantially similar Contractor Operating Agreement with MGR.

20. As set out above, RD and MGR share a headquarters in Countryside, Illinois, and are owned by Defendant Dobrasinovic. Upon information and belief, RD and MGR also share office staff, including dispatchers.

21. There was no change in the work performed by Plaintiff between 2020 and 2026.

22. Plaintiff did not have his own truck when he began working for Defendants. Accordingly, Defendants, through their leasing arm MGR Lease, LLC, leased a truck and trailer to Plaintiff.

23. Plaintiff's truck initially had the MGR Freight logo on it. When Plaintiff was picking up a load for RD, Defendants asked him to put RD's sticker on the outside of the truck and take it off when done with the load. Starting in 20222, the truck has had both MGR Freight and RD's logo on it and the trailer has had MGR Freight's logo only.

24. Upon information and belief, at all times, Plaintiff's truck operated under MGR's DOT number.

25. Plaintiff worked for Defendants full time, up to 70 hours a week. He did not work anywhere else while working for Defendants.

26. Plaintiff and other delivery drivers were required to regularly check in with Defendants' dispatchers to take their instructions as to which loads to haul, where and when to pick up these loads.

27. Plaintiff and other delivery drivers were also required to comply with Defendants'

time constraints for deliveries and other instructions and were required to regularly report to Defendants' staff and Defendants' office in Illinois.

28. Plaintiff was paid on a percentage-of-the-load basis for the deliveries he made. Plaintiff could not negotiate his rate of pay.

29. Throughout the course of Plaintiff's employment, Defendants made deductions from his pay for items including insurance, fuel, truck and trailer payments, escrow, fees and fines, and maintenance and repairs, which often came to thousands of dollars per week. Plaintiff did not authorize these deductions.

30. As a result of the deductions taken by Defendants from Plaintiff's pay, there were eeks in which Plaintiff's compensation fell below the Illinois and federal minimum wage. For example, in the week ending January 9, 2025, Plaintiff worked approximately 48 hours, but was only paid $91.80 after deductions, for an hourly rate of $1.92 (below both the Illinois and Federal minimum wage). In the week ending May 8, 2025, Plaintiff worked approximately 11 hours for Defendants, but was only paid $116.91, for an hourly rate of $10.83 (below the Illinois minimum wage).

31. Although Defendants classified Plaintiff and other delivery drivers as independent contractors, the behavior and financial control manifested over the drivers by Defendants demonstrates that they were employees of Defendants.

32. Plaintiff and other class members were required to pick up trucks and trailers from Defendants' yard in Illinois.

33. Plaintiff and other class members were hired by Defendants in Countryside, Illinois at Defendants' office, were required to pick up and deliver freight for Defendants in Illinois, and received directions regarding their deliveries from Defendants' dispatchers and management team in Illinois.

34. Defendants controlled every aspect of their drivers', including Plaintiff's, work. Such control included, but was not limited to the following:

A. Defendants required Plaintiff and other similarly situated drivers to comply with instructions dictated by written and unwritten policies, procedures, and directives regarding Plaintiff's and other similarly situated drivers' duties.

B. The trucks and trailers Plaintiff and class members drove bore Defendants' insignia and markings, as set out above.

C. Plaintiff, as well as other similarly situated drivers, were required to report to or contact dispatchers employed by Defendants to receive delivery assignments, to report when they picked up and dropped off loads, and to report any issues with their assigned deliveries.

D. Defendants instructed Plaintiff and other similarly situated drivers which loads to pick up, the location of the loads/goods to be delivered, as well as the time frames for loading and unloading. Additionally, Defendants dictated the time by which each delivery must be made. Defendants' dispatchers and supervisors also communicated with Plaintiff and similarly situated drivers while they were driving via telephone in order to convey instructions and otherwise oversee the drivers.

E. Plaintiff and other similarly situated drivers had GPS devices on their vehicles, which allowed Defendants to track the drivers throughout the day.

F. Defendants subjected drivers, including Plaintiff, to a variety of deductions, including, but not limited to, deductions for insurance, fuel, truck and trailer payments, escrow, maintenance and repairs, and various fines and fees.

G. If Plaintiff or other similarly situated drivers wished to take time off, they

were required to give timely advance notice to Defendants, with the Plaintiff and other similarly situated drivers disciplined or terminated for failure to provide such notice.

35. Plaintiff and other delivery drivers performed work which is in the usual course of business of Defendants — *i.e.* they were truck drivers who performed delivery services and Defendants are engaged in business of providing trucking delivery services to their customers.

36. Plaintiff and other delivery drivers drove trucks which were registered under MGR's DOT Number.

37. Defendants required Plaintiff and putative class members to submit all bills of lading, logbooks, and other required paperwork to Defendants' office in Illinois.

38. At no time during their employment were Plaintiff and other similarly situated drivers allowed to have their own customers nor did they ever have their own customers. Further, they could not choose and did not choose their own routes for delivery of cargo, could not and did not receive compensation or otherwise exchanged payment for their delivery other than being compensated by Defendants and could not and did not negotiate any matters or bargains with any customers or brokers.

39. Plaintiff and other similarly situated truck drivers shared similar job titles, followed the same policies and practices, performed similar duties, and as a result of Defendants' common scheme of misclassification and applications of unlawful deductions, were similarly denied compensation in violation of the IWPCA and the IMWL.

**B. Facts Relating to Plaintiff's Truth-in-Leasing Claims**

40. MGR and RD ("Defendants") are trucking companies with authority granted by the DOT to transport property. Defendants employ drivers to transport their customers' freight in interstate commerce.

41. Defendants are motor carriers and authorized carriers under 49 U.S.C. §§ 13901 and 13902, *et seq*. and the TIL regulations.

42. Defendants offer to lease equipment to individuals seeking to perform services as delivery drivers. Those individuals who choose to lease equipment from Defendants are required to sign a "Truck Lease Agreement" with MGR Lease LLC ("MGR Lease"). These Lease Agreements are standard form agreements that Defendants present to drivers on a take-it-or-leave it basis, without the opportunity to negotiate.

43. When Plaintiff began work for MGR, he did not have his own truck. Consequently, in July 2020, he entered into a Truck Lease Agreement with MGR Lease. That agreement was subsequently renewed, including in 2022 and 2023.

44. The Truck Lease Agreement constitutes a "lease" within the meaning of the Truth-in-Leasing regulations, 49 C.F.R. § 376.29(e).

45. The Truck Lease Agreement states that the driver must pay $ 1500.00 toward a security deposit

46. The amounts deducted and retained by Defendants from Plaintiff's and other drivers' compensation pursuant to the Trucking Lease Agreement constitute an "escrow fund" within the meaning of the TIL regulations, 29 C.F.R. § 376.2(l).

47. The Truck Lease Agreement does not comply with TIL regulations pertaining to escrow funds because, among other things, it fails to sufficiently identify and describe the specific items to which the escrow fund can be applied.

48. Additionally, Defendants have failed to adhere to the TIL regulations concerning maintenance and accounting of drivers' escrow funds by failing to pay interest to the drivers on the balance of drivers' escrow funds on at least a quarterly basis.

49. Under the TIL regulations, Defendants were also required to disclose in a written lease all expenses that they would "charge back" to the drivers

50. Defendants made numerous deductions from drivers' pay that were not disclosed in the Truck Lease Agreement. These included, in Mr. Omar's case, numerous repair charges.

51. Under the TIL regulations, Defendants were required to disclose in a written lease the amount that they would pay Omar and the other putative class members as compensation, and to specify that they would provide Omar and the other putative class members with a copy of the rated freight bills upon which their compensation was based, either before or at the time of settlement.

52. The Truck Lease Agreement failed to disclose that Defendants would provide a copy of the rated freight bills, and Defendants in fact failed to provide Omar and the other putative class members with a copy of the rated freight bills upon which their compensation was based.

53. Defendants' failure to comply with the TIL regulations have resulted in an improper windfall to Defendants.

54. Defendants' drivers have suffered harm and sustained damages from Defendants' actions, including deductions taken from Plaintiff's and class members' pay, and failing to adhere to the TIL regulations' requirements for handling escrow accounts.

## V. CLASS ALLEGATIONS

55. Plaintiff brings Counts I-II of this case as a class action pursuant to 735 ILCS 5/2–801(b)(3) for the following IWCPA Class:

> all persons who contracted to provide trucking delivery services for MGR

> Freight System, Inc. and/or RD Expedited, Inc. as delivery drivers in Illinois, and who personally provided trucking delivery services to MGR Freight System and/or RD Expedited, who have either been classified as independent contractors or have not been paid or treated as employees between April 2016 and the present.

56. Plaintiff brings Count III of this case as a class action pursuant to 735 ILCS 5/2–801(b)(3) for the following IMWL Class:

> all persons who contracted to provide trucking delivery services for MGR Freight System, Inc. and/or RD Expedited, Inc. as delivery drivers in Illinois, and who personally provided trucking delivery services to MGR Freight System and/or RD Expedited, who have either been classified as independent contractors or have not been paid or treated as employees between April 2022 and the present.

57. Plaintiff brings Count V of this case as a class action pursuant to 735 ILCS 5/2–801(b)(3) for the following TIL Class:

> Each person who, at any time between April 2022 and the date on which a Class is certified, had a Trucking Lease Agreement with MGR Lease, LLC.

58. The members of each class are so numerous that joinder of all members is impracticable. Plaintiff believes that the Class numbers exceed forty (40) members.

59. Common issues of law and fact predominate the claims of the classes. Specifically, all claims are predicated on a finding that Defendants misclassified their drivers as independent contractors when they were in fact employees, and whether Defendants have violated the Truth-in-Leasing Regulations.

60. In short, the claims of the named Plaintiff are identical to the claims of the class members.

61. The named Plaintiff is an adequate representative of the class because all class members were subject to Defendants' uniform practices and policies. Further, Plaintiff and the potential class plaintiffs have suffered the same type of economic damages as a result of

Defendants' practices and policies.

62. Plaintiff will fairly and adequately represent and protect the interests of the classes. Plaintiff's counsel is competent and experienced in litigating large wage and hour class and collective actions.

63. Finally, a class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impractical for members of the class to seek redress individually for the wrongful conduct alleged herein. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

## VI. COLLECTIVE ALLEGATIONS

64. Plaintiff's FLSA claims (Count IV) should proceed as a collective action on behalf of all similarly situated individuals who worked as delivery drivers for Defendants during the past three years who may choose to opt-in to this case.

65. All potential opt-in Plaintiffs worked pursuant to the common misclassification scheme described above under which Defendants not pay drivers the minimum wage in all workweeks, and therefore they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

### Count I
### Illinois Wage Payment and Collection Act
### (Unlawful Deductions)

66. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

67. At all relevant times, Plaintiff and members of the proposed class were

"employees" of MGR, RD and Dobrasinovic as defined by the IWPCA.

68. At all relevant times, MGR, RD and Dobrasinovic were employers of Plaintiff and proposed class members as defined by the IWPCA.

69. The IWPCA, 820 Ill. Comp. Stat. 115/9, prohibits employers from making unauthorized deductions from employees' wages.

70. MGR and RD violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by making unlawful deductions from Plaintiff's and class members' wages.

71. Defendant Dobrasinovic violated the IWPCA, 820 Ill. Comp. Stat. 115/9, by permitting and directing MGR and RD to make unlawful deductions from Plaintiff's and the proposed class members' wages.

72. Plaintiff seeks reimbursement for all unlawful deductions taken by MGR and RD from his and class members' pay.

**Count II**
**Illinois Wage Payment and Collection Act**
**(Expenses – in the Alternative to Count I)**

73. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

74. At all relevant times, Plaintiff and the proposed class members were "employees" of MGR, RD and Dobrasinovic as defined by the IWPCA.

75. At all relevant times, MGR, RD and Dobrasinovic were employers of Plaintiff and the proposed class as defined by the IWPCA.

76. MGR and RD violated Section 115/9.5 of the IWPCA by failing to reimburse Plaintiff and other class members who worked for them since January 1, 2019 for expenditures

they incurred related to services performed for the Defendants from January 1, 2019 to the present.

77. Defendant Dobrasinovic violated the IWPCA, 820 Ill. Comp. Stat. 115/9.5, by permitting drivers to incur expenses related to their work for MGR and RD that should have been borne by Defendants.

78. Plaintiff seeks reimbursement for all unlawful expenses he and the proposed class members were forced to incur as part of their work for Defendants.

**Count III**
**Illinois Minimum Wage Law – Minimum Wage**

79. All previous paragraphs are incorporated as though fully set forth herein.

80. Pursuant to 820 ILCS 105/4a, an employer is required to pay his employees a minimum wage for all hours worked.

81. During all relevant times, MGR and RD were employers within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3.

82. During all relevant times, Plaintiff and class members were covered employees within the meaning of the Illinois Minimum Wage Law, 820 ILCS 105/3.

83. MGR and RD failed to pay Plaintiff and the class members minimum wage for all hours worked, as required by 820 ILCS 105/4a.

84. Pursuant to 820 ILCS 105/12, MGR and RD are liable to Plaintiff and the class members for their unpaid minimum wage compensation, attorneys' fees, costs, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which the wages remain unpaid.

**Count IV**
**Fair Labor Standards Act - Minimum Wage**

85. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this

Complaint as if fully rewritten herein.

86. MGR and RD regularly failed to pay Plaintiff and the members of the putative FLSA collective the statutory minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

87. Under the FLSA, 29 U.S.C. § 206, Defendants were required to pay Plaintiff and the members of the putative collective minimum wage for all hours worked.

88. However, due to MGR and RD's routine failure to compensate Plaintiff and other delivery drivers for their final weeks of work, the wages of Plaintiff and the members of the FLSA Collective fell below minimum wage in a number of the weeks in which they worked for MGR and RD.

89. Defendants' conduct was willful and intentional, in that Defendants knew, required, approved and/or suffered or permitted Plaintiff and members of the FLSA collective to work hours for which they were not paid at the federal minimum wage.

90. This claim is brought on behalf of a group of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. §216(b).

**Count V**
**Truth-in-Leasing Violations**

91. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

92. MGR and RD are motor carriers with operating authority granted to them by the DOT.

93. Under the Truth-in-Leasing regulations, an authorized carrier may perform authorized transportation using leased equipment only if the written lease granting the use of the equipment meets the requirements of 49 C.F.R. § 376.12.

94. As alleged, Defendants have violated the TIL regulations by, inter alia, taking unspecified and excessive deductions from drivers' earnings; improperly maintaining drivers' escrow funds; making unlawful deductions from escrow funds; and by failing to include the contents, disclosures, and terms required by the TIL regulations in the drivers' lease agreements.

95. As a result of Defendants' failure to comply with the TIL regulations, Plaintiff and the putative class members are entitled to declaratory judgment that the Truck Lease Agreements violate 49 C.F.R. § 376.12.

96. As a result of Defendants' failure to comply with the TIL regulations, Plaintiff and the putative class members are entitled to enjoin Defendants from attempting to enforce the Truck Lease Agreements.

97. As a direct and proximate result of Defendants' substantial and material failure to adhere to the TIL regulations, Defendants have violated the rights of Plaintiff and the putative class members and has caused Plaintiff and the putative class members economic damages in an amount to be determined at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff requests that the Court enter the following relief:

1. Certification of this case as a class action pursuant to 735 ILCS 5/2–801(b)(3);

2. An order appointing Plaintiff Abdinasser Omar as class representative and his counsel as class counsel;

3. An order enjoining Defendants from violating the IWPCA, the IMWL, the FLSA and the Truth-in-Leasing Regulations;

4. Restitution for all deductions taken from Plaintiffs' and class members' wages;

5. Restitution for all MGR's operating expenses that Plaintiff and class members were forced to bear;

6. Prejudgment interest on the unpaid wages in accordance with 815 Ill. Comp. Stat. 205/2;

7. Statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

8. Payment of all wages due to Plaintiff and members of the class;

9. Liquidated damages under the FLSA;

10. An Order requiring Defendants to provide each of the drivers an accounting of all transactions with Defendants and to provide all documentation necessary to confirm the validity of the computations;

11. A judgment against Defendants for all damages that the drivers incurred as a result of its violations of the Truth-in-Leasing regulations, including, but not limited to, restitution for all improper or excessive deductions, chargebacks, or withholdings; all amounts owed in interest on escrow funds, all escrow funds improperly withheld at termination; and other direct and proximate damages;

12. Attorney's fees and costs;

13. Any other relief to which Plaintiff and the Class and Collective Action members may be entitled.

DATED: April 8, 2026

Respectfully Submitted,

ABDINASSER OMAR, individually and on behalf of all others similarly situated,

By his attorneys,

/s/ Bradley Manewith

Bradley Manewith, IARDC # 6280535
Lichten & Liss-Riordan, P.C.
5 Revere Drive, Suite 200
Northbrook, IL 60062
Tel. (617) 994-5800
Fax (617) 994-5801
bmanewith@llrlaw.com

Harold Lichten (*pro hac vice anticipated*)
Olena Savytska (*pro hac vice anticipated*)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116
Tel. (617) 994-5800
Fax (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com